UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MELVIN SIMMONS,

    Petitioner,

vs.

Warden, San Quentin State Prison,

    Respondent.

No. C 05-4848 PJH (PR)

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

This is a habeas corpus case filed pro se by a state prisoner pursuant to 28 U.S.C. § 2254. The court ordered respondent to show cause why the writ should not be granted. Respondent has filed an answer and a memorandum of points and authorities in support of it, and has lodged exhibits with the court. Petitioner has responded with a traverse. The matter is submitted.

## BACKGROUND

A jury convicted petitioner of assault with a deadly weapon by means likely to produce great bodily injury. *See* Cal. Penal Code § 245(a)(1). He was sentenced to prison for seven years. Petitioner unsuccessfully appealed his conviction to the California Court of Appeal and the Supreme Court of California denied review. Petitioner also filed several state habeas petitions.

The facts relevant to this ruling are purely procedural, and will be discussed with petitioner's claim below.

## STANDARD OF REVIEW

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's

adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).  The first prong applies both to questions of law and to mixed questions of law and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of § 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams (Terry)*, 529 U.S. at 412-13.  A state court decision is an "unreasonable application of" Supreme Court authority, falling under the second clause of § 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.  The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.  Rather, the application must be "objectively unreasonable" to support granting the writ. *Id.* at 409.

Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El*, 537 U.S. 322 at 340; *see also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079, n. 2 (9th Cir.2000).

## DISCUSSION

Petitioner was convicted of assault with a deadly weapon by means likely to produce great bodily injury, a violation of section 245(a)(1) of the California Penal Code. His sentence was enhanced for personally inflicting great bodily injury, *see* Cal. Penal Code § 12022.7(a), and personal use of a deadly weapon, *see id.* at § 12022(b)(1). Ex. E (opinion of California Court of Appeal) at 1.[1]

Petitioner's sole issue here is a contention that the sentencing court violated his due process rights by imposing the three-year enhancement when, he claims, doing so is barred by section 12022.7(g) of the penal code, which says that the enhancement should not be imposed if the infliction of great bodily injury was also an "element of the offense." Cal. Penal Code § 12022.7(g). In short, his argument is that personal infliction of great bodily injury is an element of assault with a deadly weapon by means likely to produce great bodily injury, and so the enhancement should not have been imposed, and that the violation of state law was also a violation of due process.

This claim was rejected by the California Court of Appeal, which held that under California law personal infliction of great bodily injury is not an element of assault with a deadly weapon by means likely to produce great bodily injury. Ex. E at 16-17. A state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005). The state court's rejection of petitioner's claim is thus decisive as to his contention here, unless that interpretation appears to be an obvious subterfuge to evade consideration of a federal issue. See *Mullaney v. Wilbur*, 421 U.S. 684, 691 n.11 (1975).

Penal Code section 12022.7 provides in part: "Any person who personally inflicts great bodily injury on any person other than an accomplice in the commission of a felony or attempted felony shall be punished by an additional and consecutive term of imprisonment

---

[1] Citations to "ex." are to the exhibits lodged with the court by the respondent, unless otherwise indicated.

3

1  in the state prison for three years."

2  As to this issue, the court of appeal pointed out:

> Defendant was convicted of assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(1)), which does not have as an element of the offense the actual infliction of great bodily injury necessary to constitute the enhancement defined by section 12022.7, subdivision (a). "Penal Code section 245, subdivision (a)(1) punishes 'an assault upon the person of another with a deadly weapon or instrument other than a firearm or by any means of force likely to produce great bodily injury.' (Italics added.)" ( People v. Aguilar (1997) 16 Cal.4th 1023, 1026; see also People v. Flynn (1995) 31 Cal.App.4th 1387, 1394; People v. McGee (1993) 15 Cal.App.4th 107, 114.) "Punishment under section 245, subdivision (a), is directed at the force used, and it is immaterial whether the force actually results in any injury. The focus is on force likely to produce great bodily injury." ( People v. Parrish, supra, 170 Cal.App.3d 336, 343.) Thus, "Infliction of great bodily injury is not an element of assault by means likely to produce great bodily injury. The penalty for assault does not contemplate punishment for the infliction of great bodily injury. [Citation.] Where assault by means of force likely to produce great bodily injury has occurred, the assault itself represents a completed crime due to the use of the force." ( Ibid.)

Ex. E at 17.  That is, the enhancement requires an actual physical injury, whereas the offense requires only that the force be such as to be "likely to produce great bodily injury" – the offense does not require that such injury actually be produced.  Given that this reasoning is clearly correct, it certainly cannot be said to appear to be an obvious subterfuge to avoid federal review.  Petitioner thus has failed to show the violation of his due process rights.

For this reason, the rejection of this claim by the state courts was not contrary to, or an unreasonable application of, clearly-established United States Supreme Court authority.

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is **DENIED**.  The clerk shall close the file.

**IT IS SO ORDERED.**

Dated:  October 11, 2007.

                                       PHYLLIS J. HAMILTON
                                       United States District Judge

G:\PRO-SE\PJH\HC.05\SIMMONS4848.RUL.wpd